Special Appropriations — Festivals — Unconstitutional The specific appropriations made to thirty-two different expositions, community festivals, celebrations, etc. under 74 O.S. 285 [74-285](3a) (1968), are constitutionally invalid with the exception of the appropriation made to the Western Plains Indian Arts and Crafts Commission. The Attorney General has considered your request of May 20, 1968. Section 2 of the general appropriation bill, S.B. 582, 31st Legislature, Second Session, for the Industrial Development and Park Commission, appropriates monies which are line itemized for specific Indian expositions, community festivals, celebrations, etc. We are informed that these may be private groups, agencies or associations. The request states that Mr. Breeden is a bonded state employee and must approve the submitted claims for the monies so appropriated. Section 2 of said bill provides in part: "There is hereby appropriated from the Income Tax Adjustment Fund the sum of Nine Hundred Fifty-four Thousand Seven Hundred Fifty Dollars ($954,750.00) or so much thereof as may be necessary for the following purpose: "Wichita Mountains Easter Service $2,500.00 Western Plains Indian Arts Crafts Commission $5,500.00 Prague Kolache Festival $500.00 Rush Springs Watermelon Festival $ 1,000.00" (This opinion applies to all thirty-one special appropriations listed in the act, of which the above are four picked at random.) Your question, in essence, is whether or not said appropriations are constitutionally valid. For the reasons hereinafter stated, we answer your question in the negative. One exception is found to our negative answer and that pertains to the Western Plains Indian Arts and Crafts Commission. See 53 O.S. 141 [53-141] (1967), et seq. The Legislature has created said Commission, prescribed its powers and its duties. The provisions of Section 141, et seq., must be complied with and the funds so appropriated to the Commission expended according to law. Especially pertinent is Section 147 which creates a revolving fund for the Commission and "said fund shall consist of all monies appropriated, donated, contributed or otherwise received by said Commission." The appropriation to said Commission is constitutionally valid. Article X, Section 14 Oklahoma Constitution, provides in part: "Taxes shall be levied and collected by general laws, and for public purposes only, . . . ." ArticleX, Section 15 Oklahoma Constitution, provides in part: ". . .; nor shall the State . . . make donation by gift, . . . by tax, or otherwise, to any company, association or corporation." Article X, Section 19 Oklahoma Constitution, provides in part: "Every act enacted by the Legislature, . . . levying a tax shall specify distinctly the purpose for which the tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose." In Vette v. Childers, 102 Okl. 140,228 P. 145, the Supreme Court considered the constitutionality of a section of a legislative act which allowed control of state monies by cooperative associations. In the syllabus the court held: "Under section 14, art. 10 of the Constitution no tax can be levied and collected except for public purposes, and under section 19, art. 10, of the Constitution, no tax levied and collected for one purpose shall ever be devoted to another purpose. It follows, therefore, that no appropriation of funds in the state treasury can be made for other than a public purpose. "Under sections 14 and 19, art. 10, of the state Constitution money in the state treasury can only be appropriated and used for public purposes, and in order to constitute a public purpose within the meaning of this constitutional provision, such purpose must not only be affected with a public interest, but must be performed by the state in the exercise of its governmental functions, and public funds cannot be used to assist individuals in a business which is affected with a public interest, as the Constitution neither authorizes nor contemplates the exercise of governmental functions by any person, association or corporation, except the duly constituted officers of the state. "Section 18 . . . is an appropriation for the purpose of assisting a group of individuals in owning and operating a warehouse system, and is not an appropriation of money for public purposes as required by sections 14 and 19 of the state Constitution, and such appropriation is therefore unconstitutional and void." In the body of the opinion, the court said: "So in the case at bar the appropriation is not for the purpose of carrying on any of the machinery of government for the purpose of enabling the government to perform any of its governmental functions, but is solely for the purpose of enabling individuals to carry on a business which if conducted by the state might be construed to be a proper governmental function." In Veterans of Foreign Wars v. Childers, 197 Okl. 331,171 P.2d 618, the Supreme Court voided an appropriation to the Veterans of Foreign Wars. The syllabus by the court held in part: "Under sections 14 and 19, art. 10, of the State Constitution, money in the state treasury can only be appropriated and used for public purposes, and in order to constitute a public purpose, within the meaning of this constitutional provision, such purpose must not only be affected with a public interest, but must be performed by the state in the exercise of its governmental functions, and public funds cannot be used to assist individuals or private organizations in their business, functions, or activities, which are affected with a public interest, as the Constitution neither authorizes nor contemplates the exercise of governmental functions by any person, association, or corporation, except the duly constituted officers or agencies of the state. "Though a corporation is created for purposes fraternal, patriotic, historical and educational and to assist worthy comrades who now are, or formerly were, members of the armed forces, and to assist their relatives and dependents, which purposes are wholesome and for the public good, yet when such organization functions by its own management entirely separate from control or direction by the state, it is as to the state a private corporation and the Legislature has no constitutional authority to appropriate public funds of the state, to such corporation, or to be expended by and through the corporation, in aid of the carrying out of its functions or some part of them, because such an appropriation would be in the nature of a gift of public funds within the meaning of section 15, art. 10, of the constitution." In the body of the opinion the court stated: "And it is the consensus of opinion of all other jurisdictions that public money may not be appropriated to a private corporation or organization, operating entirely without governmental supervision or control, no matter how wholesome may be the purpose or function of such organization nor how beneficial its activities may be to that portion of the public with which it comes in contact." The above quoted constitutional provisions and decisions of the Oklahoma Supreme Court require us to conclude that, with the exception of the appropriation to the Western Plains Indian Arts and Crafts Commission, said appropriations are constitutionally invalid. (Brian H. Upp) ** SEE: OPINION NO. 69-198 (1969) ** ** SEE: OPINION NO. 80-163 (1980) **